```
Scott Edward Cole, Esq. (S.B. #160744)
Hannah R. Salassi, Esq. (S.B. # 230117)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:   scole@scalaw.com
Email:   hsalassi@scalaw.com
Web:     www.scalaw.com
```

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIS JEFFERSON, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>H & M HENNES & MAURITZ, L.P., and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. CV 11-7683 CAS (JCGx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>Date:    **January 7, 2013**<br>Time:   **10:00 a.m.**<br>Dept.:   **Courtroom 5, 2nd Floor**<br>Judge:  **Honorable Christina A. Snyder** |

This matter, having come before the Court on January 7, 2013, for a hearing on plaintiff Aris Jefferson's ("Plaintiff") Motion for an Order: (1) Granting Final Approval of Class Action Settlement Agreement; (2) Awarding Attorneys' Fees and Costs to Class Counsel; (3) Approving Enhancement Award to the Class Representative; and (4) Awarding Reimbursement for Claims Administration Fees and Costs, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. All terms used herein shall have the same meaning as defined in the H&M Hennes & Mauritz, L.P. "Wage and Hour" Class Action Settlement Agreement and Release of Claims

1. ("Settlement") submitted to the Court on October 8, 2012 (Docket No. 28-1), unless otherwise noted herein.

2. Consistent with the definitions provided in the Settlement, the term "Plaintiff Class" refers to all persons who are and/or were employed by defendant H&M Hennes & Mauritz, L.P. ("Defendant" or "H&M") as non-exempt retail employees, in one or more of H&M's California retail stores between July 29, 2007 and the date of Preliminary Approval of the Settlement and the term "Settlement Class" refers to all members of the Plaintiff Class who do not request exclusion from the Settlement.

3. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Settlement Class members.

4. In accordance with the Settlement and this Court's Preliminary Approval Order (Docket No. 30), distribution of the Class Notice Package directed to the Plaintiff Class members has been completed, including the individual notice to all Plaintiff Class members who could be identified through reasonable effort. It is hereby determined that the notice to Plaintiff Class members, as disseminated thereto in accordance with the provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances. Due and adequate notice of the pendency of this action and of this Settlement has been provided to the Plaintiff Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

5. The Court hereby approves the settlement terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23 of the Federal Rules of Civil Procedure. The Court also finds that the Plaintiff Class is properly certified as a class for settlement purposes only. The parties to the Settlement are hereby directed to effectuate the Settlement according to its terms.

6. All Settlement Class members are bound by this Final Approval Order and Judgment and by the Settlement embodied therein, including the releases provided for in the Settlement and

this Final Approval Order and Judgment. As of the Effective Date of Settlement, by operation of the entry of this Final Approval Order and Judgment, each member of the Settlement Class, including Plaintiff, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Releasees.

7. "Releasees" means Defendant and Defendant's present and former parent companies, subsidiaries, and related and affiliated entities, as well as their respective shareholders, employees, officers, directors, attorneys, insurers, successors, and assigns.

8. "Released Claims" means any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Complaint, including all wage and hour class claims which were or could have been brought based on the specific factual allegations contained in the Complaint, including, but not limited to any claims under California or Federal law for unpaid wages, unpaid commissions, unpaid overtime, record-keeping violations, paycheck violations, meal period and rest period violations, "waiting time" penalties, interest or other statutory claims, which arose between July 29, 2007 and the date of final approval, inclusive. Provided, however, that this release will not release the specific allegations set forth in the First Amended Complaint in the matter of *Suzanne Tran v. H&M, Hennes and Mauritz L.P.*, Santa Clara Superior Court case no. 111CV215599. The Settlement Class and Plaintiff also expressly waive all rights and benefits afforded by section 1542 of the California Civil Code, and do so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

9. Neither this Settlement nor this Final Approval Order and Judgment is an admission of liability, fault, or wrongdoing by Defendant, or any of the Releasees, nor a finding of the validity of any claims in the Action or any violation of law. Neither this Final Approval Order and Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission or concession by or against Defendant, or

1  any of the Releasees, of any fault, wrongdoing, or liability whatsoever. Neither this Final Approval
2  Order and Judgment, any term or provision of the Settlement, nor any of the negotiations or
3  proceedings connected with it, shall be offered or received in evidence in any pending or future civil,
4  criminal or administrative action or proceeding, other than such proceedings that may be necessary
5  to consummate or enforce the Settlement; however, Defendant or any Releasee may use the
6  Settlement and/or any related document, in any action that may be brought against them in order to
7  support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,
8  good faith settlement, judgment bar or reduction, accord and satisfaction, or any other theory of
9  claim preclusion or issue preclusion or similar defense or counterclaim.

10.  The Court hereby finds the Settlement Payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

11.  The Court hereby confirms Scott Cole & Associates, APC as Class Counsel in this action.

**IT IS FURTHER ORDERED THAT:**

12.  The Court hereby finds that Class Counsel have adequately represented the interests of the Plaintiff Class at all times in this action. An award of attorneys' fees in the amount of $71,698.00 is hereby approved and awarded to Class Counsel, to be paid directly by Defendant, as provided for in the Settlement. The Court finds that the amount of this award constitutes a fraction of the fees asserted by counsel, and is supported by both the application of the percentage fee and the lodestar-plus-multiplier methods for awarding reasonable attorneys' fees plus costs. Both methods are available to the Court and produce the same result. Therefore, the Court relies on each method as an independent basis for its determination of a reasonable award of attorneys' fees plus costs.

13.  The award of attorneys' fees is equal to 30% of the estimated approximate value of the Settlement.

14.  The attorneys' fees award is warranted based on the alternative lodestar-plus-multiplier method of calculating attorneys' fees in class action cases, and because it constitutes a small fraction of the fees asserted by counsel. Class Counsel has reported a total lodestar of

1  $302,433.50. Class Counsel has requested attorneys' fees in the amount of $71,698.00. Applying the lodestar-plus-multiplier analysis, the amount requested by Class Counsel would result from the application of a negative multiplier of approximately .23 to its lodestar.

15. The current negative multiplier of .23 that Class Counsel requests is well below the range of multipliers often approved by courts. *See In re Cenco, Inc. Secs. Litig.,* 519 F.Supp. 322 (N.D. Ill. 1981) (4x multiplier awarded); *Harman v. Lyphomed, Inc.*, 945 F.2d 969 (7th Cir. 1991) (*citing In re Cenco, Inc. Sec. Litig.*, 519 F.Supp. 322, 325 (N.D. Ill. 1981) (4x multiplier awarded)); *See also Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050-51 (9th Cir. 2002) (3.65 times the lodestar amount); *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 255 (2001) ("Multipliers can range from 2 to 4 or even higher"); *Otero v. Rent-A-Center, Inc.*, (L.A. Super. Ct. 2000) No. BC217038 (awarding 2.43 multiplier in wage and hour case); *In re Beverly Hills Fire Litig.*, 639 F.Supp 915 (E.D. Ky. 1986) (5x multiplier awarded); *Arenson v. Bd. Of Trade*, 372 F.Supp. 1349 (N.D. Ill. 1974) (4x multiplier awarded). The Court further finds that Class Counsel's hourly rates were reasonable for the work that they performed.

16. In the course of this litigation, Class Counsel incurred costs totaling over $14,682.09 (as of December 5, 2012) and will incur additional expenses through the completion of the distribution process. Such costs are appropriate for reimbursement in these types of cases. *In re United Energy Corp. Sec. Litig.*, *Not Rpt'd in* F.Supp., 1989 WL 73211, * 6 (C.D. Cal. 1989) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved."); 1 Alba Conte, *Attorney Fee Awards* § 2:08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage."); *Smith v. Krispy Kreme Doughnut Corp.*, *Not Rpt'd in* F.Supp.2d, 2007 WL 119157, *3 (M.D.N.C. Jan. 10, 2007); *In re Warner*, 618 F.Supp. 735 (S.D.N.Y. 1985); *In re GNC Shareholder Litig.: All Actions,* 668 F.Supp. 450, 452 (W.D.P.A. 1987). As such, the actual costs incurred by Class Counsel in this litigation are appropriate for reimbursement up to the maximum of $12,000.00 as provided for under the Settlement. Said costs shall be paid directly by Defendant pursuant to the Settlement.

**IT IS FURTHER ORDERED THAT:**

17. The Court finds that Plaintiff Aris Jefferson has contributed to the resolution of this case and has fairly and adequately represented and protected the interests of the Plaintiff Class.

18. The Court finds the Enhancement Award to be fair and reasonable compensation based upon the evidence presented regarding the services provided and the risks incurred by Plaintiff in assisting Class Counsel in this matter. The Representative Plaintiff shall receive an Enhancement Award in the amount of $5,000, to be paid directly by Defendant pursuant to the Settlement.

**IT IS FURTHER ORDERED THAT:**

19. The Court finds that the costs which have already been incurred by the Settlement Administrator, $13,071.81, were incurred for the benefit of the Plaintiff Class, are fair, reasonable, and appropriate for reimbursement, to be paid directly by Defendant pursuant to the Settlement. The Court approves payment of $13,071.81 to Gilardi & Co. for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

20. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Settlement Class members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the parties.

21. Judgment will be entered in accordance with the findings and orders made herein. For all of the reasons set forth above, Plaintiff's Motion for Final Approval of Class Action Settlement is hereby **GRANTED**. This action is dismissed in its entirety, on the merits, with prejudice, and without leave to amend, and Plaintiff and Settlement Class members are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.

22. Under Rules 23, 54, and 58 of the Federal Rules of Civil Procedure, the Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees that, upon its entry, it be deemed a final judgment.

**IT IS SO ORDERED.**
Dated: January 7, 2013

By: _____
The Honorable Christina A. Snyder
United States District Court Judge

[Proposed] Final Approval Order and Judgment